UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SIMONE DICKSON,

                                 Plaintiff,

               v.                                                 1:22-CV-1239
                                                                         (GTS/DJS)

VANHOUSEN, *et al.*,

                                 Defendants.
_____

**APPEARANCES:**

SIMONE DICKSON
Plaintiff, *Pro Se*
Reston, Virginia 20190

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Plaintiff filed this action seeking to assert claims under the federal civil rights statutes. Dkt. No. 1.[1] Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted.

---

[1] This action was originally filed in the District of Columbia, but subsequently transferred to this Court. Dkt. Nos. 3 & 4.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.*

at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Analysis

The Complaint alleges that on August 27, 2017 Plaintiff was physically assaulted while she was being held in the Schenectady County Jail. Compl. at pp. 4-5. Plaintiff does not identify specific legal causes of action. *See generally* Compl. The Complaint alleges jurisdiction based both on the existence of a federal question and diversity jurisdiction. *Id.* at p. 3.

To the extent the Complaint seeks to assert a federal question under 42 U.S.C. § 1983, it should be dismissed as untimely. The statute of limitations for a section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). "[A] cause of action under section 1983 accrues 'when the plaintiff knows of or has reason to know of the injury which is the basis of his action.'" *Walker v. Cuomo*, 2012 WL 4490760, at *2 (E.D.N.Y. Sept. 27, 2012) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Plaintiff had reason to know that her right be free from excessive force may have been violated at the time of the alleged assault in 2017. This Complaint, filed more than five years later, is clearly untimely.

Any state law claim for assault or battery is also untimely under New York's one year statute of limitations for such claims. N.Y. Civ. Prac. Law & R. 215(3); *Aiken v. Nixon*, 236 F. Supp. 2d 211, 239 (N.D.N.Y. 2002).

Plaintiff's Complaint identifies two federal statutes that she maintains provide a basis for jurisdiction – 18 U.S.C. § 1959 & 18 U.S.C. § 1968. Neither provides a basis for litigation of this claim. There is no private right of action under section 1959. *Derringer v. Denko*, 2003 WL 27384757, at *7 (D.N.M. Dec. 22, 2003), *aff'd*, 126 F. App'x 901 (10th Cir. 2005) "With respect to a claim under 18 U.S.C. § 1968 - demand for civil investigation - the statute authorizes the Attorney General to seek documents relevant to a racketeering investigation, but nowhere authorizes a demand for such an investigation by a plaintiff in a civil lawsuit." *Nazario v. Quaintance*, 2012 WL 3612098, at *4 (D. Minn. Aug. 3, 2012), *report and recommendation adopted*, 2012 WL 3612063 (D. Minn. Aug. 22, 2012). These federal statutory claims, therefore, are subject to dismissal.

While a court should generally not dismiss a *pro se* complaint without leave to amend, *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991), where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). The allegations here either fail to present legally cognizable claims or are clearly untimely and so dismissal with prejudice is warranted.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: December 5, 2022
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).